No. 61,925

State of Kansas, *Appellant,* v. Dan Winkel, *Appellee.*

(757 P.2d 318)

Opinion filed July 8, 1988.

*Jerry L. Harrison,* special prosecutor, argued the cause and was on the brief for appellant.

*Lee R. Barnett,* of Wakarusa, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

Prager, C.J.: This is an appeal by the State from an order of the district court dismissing a complaint which charged the defendant, Dan Winkel, with the unlawful sale of cereal malt beverage to a minor in violation of K.S.A. 1987 Supp. 21-3610a. The dismissal occurred during the defendant's jury trial following both the empaneling of a jury and the testimony of Jon Peffly, the State's only actual witness to the sale of beer. Defense counsel in his opening statement did not deny that the sale occurred.

The facts in the case were not greatly in dispute and essentially are as follows: On February 25, 1987, Jon Peffly was a reserve police officer who testified that he was in training taking classes at the Beloit Vo-Tech School. While attending the school, he was associated with law enforcement as a reserve officer for the City of Beloit and also for Mitchell County. He testified that he was in a training program and would go around with police officers as part of his training.

In February 1987, the law enforcement officers in Mitchell County engaged in a program for the enforcement of the Kansas liquor laws. Peffly took part in a police investigation of liquor sales to minors. At that time Peffly was only 19 years of age. As part of the program, Peffly was driven to the Lumberyard

Lounge in Glen Elder where he purchased beer from an employee, Dan Winkel. Winkel was charged with unlawful sale of cereal malt beverage to a minor and his trial began on December 30, 1987. Peffly was called to the stand and testified that he was a part-time police officer in training and that he was 19 years of age at the time he purchased the beer. Defense counsel then objected, basing his argument on certain provisions of the Kansas Law Enforcement Training Act (K.S.A. 74-5602 *et seq.*).

In K.S.A. 1987 Supp. 74-5602, a police officer or law enforcement officer is defined as "a full-time or part-time salaried officer or employee of the state, a county or a city, whose duties include the prevention or detection of crime." K.S.A. 74-5618 provides: "Every police officer or law enforcement officer, as defined by K.S.A. 74-5602 . . . , shall have attained at least 21 years of age."

Other sections of the Kansas Law Enforcement Training Act provide for the training of law enforcement officers at training centers or at a certified state or local law enforcement agency. K.S.A. 1987 Supp. 74-5605 requires that an applicant for admission to a course conducted by a training center must be a United States citizen, not have a criminal record, must be the holder of a high school diploma or its equivalent, must be of good moral character, must have completed a psychological test approved by the commission, and must be free of any physical or mental deficiencies. There is no requirement under that section that a person engaged in a training course be 21 years of age. K.S.A. 74-5616 requires that a person to be eligible for an appointment as a *permanent police officer* or law enforcement officer must be at least 21 years of age and have successfully completed or satisfied the training requirements of the statute.

When the issue was raised at the trial, the trial court concluded that Peffly could not testify for the State about any information that he acquired while serving as a part of the police investigation. The court stated on the record that Peffly could have testified about the beer purchase if he had not already told the jury that he was a police officer. The court then stated: "But the fact is that he has already testified that he was an officer on an investigative function and on an investigative mission for the law enforcement agencies. And he cannot be an officer. And I don't think testimony that he has acquired in that capacity is proper testimony to be placed before a jury for any purpose."

The judge then declared a recess and, when he returned to the courtroom, told the jury:

"Ladies and Gentlemen of the Jury, we have had a most unique turn of events. In light of the fact that this reserve officer was nineteen years of age at that time, Kansas law prohibits the hiring of any officer who is not twenty-one years of age. An officer who is nineteen is obviously under twenty-one. And therefore doing work in an investigative capacity as an officer he cannot do that. If he cannot do it, he then cannot give evidence about what he has done. Therefore, there is no choice upon this Court except to dismiss this complaint and to discharge the Defendant."

The trial court then dismissed the complaint and the State brought this appeal. This case is essentially an appeal by the State on a question reserved. The defendant had been placed in jeopardy at the time the complaint was dismissed by the trial court.

In this case, the evidence was undisputed that the defendant was a trainee who had neither applied for nor received a certification from the Kansas law enforcement training commission. He was simply in training and the Kansas statutes do not require a trainee to have attained the age of 21 years during his training course. That issue, however, need not be determined in this case.

The real issue presented on appeal is whether or not the trial court erred in ruling that Peffly could not testify, assuming he was acting as a police officer and not 21 at the time defendant sold him beer. A determination of that issue will dispose of this appeal. We have concluded that the appeal of the State should be sustained, because the trial court erred in ruling that Peffly could not testify as to his purchase of beer from the defendant.

The primary statute covering the qualifications of a witness to testify is K.S.A. 60-407, which provides:

"**60-407. General abolition of disqualifications and privileges of witnesses, and of exclusionary rules.** Except as otherwise provided by statute (a) every person is qualified to be a witness, and (b) no person has a privilege to refuse to be a witness, and (c) no person is disqualified to testify to any matter, and (d) no person has a privilege to refuse to disclose any matter or to produce any object or writing, and (e) no person has a privilege that another shall not be a witness or shall not disclose any matter or shall not produce any object or writing, and (f) all relevant evidence is admissible."

That statute establishes a presumption that a witness is competent to testify.

Under K.S.A. 60-417, a person is disqualified as a witness only for two reasons.

"**60-417. Disqualifications of witness; interpreters.** A person is disqualified to be a witness if the judge finds that (a) the proposed witness is incapable of expressing himself or herself concerning the matter so as to be understood by the judge and jury either directly or through interpretation by one who can understand him or her, or (b) the proposed witness is incapable of understanding the duty of a witness to tell the truth. An interpreter is subject to all the provisions of this article relating to witnesses."

Age alone is not a valid criteria for disqualification. *State v. Thrasher*, 233 Kan. 1016, 1018, 666 P.2d 722 (1983). In this case, Peffly was not an incompetent witness as that term is used in the statutes. There was no suggestion that he was incapable of communicating. Clearly, his testimony was relevant, because, without it, there was little evidence that the defendant sold cereal malt beverage to a minor. As one who bought beer from the defendant, Peffly obviously had personal knowledge of the sale. Assuming for the sake of argument that Peffly was not acting legally because of his age, it is illogical to conclude that Peffly's lack of age should prevent him from testifying. People are allowed to testify every day about their illegal activities, often in return for immunity or lenient sentences.

We hold that the trial court erred in excluding Peffly's testimony at the trial, and that the trial court further erred in dismissing the complaint. The appeal of the State is sustained.